# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 22, 2012

Lyle W. Cayce
Clerk

No. 11-30565
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAMIEN WOODS, Also Known as Pimp,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:05-CR-243-6

Before REAVLEY, SMITH, and PRADO, Circuit Judges.
PER CURIAM:[*]

Damien Woods, federal prisoner # 25924-034, appeals the denial of his motion to compel the government to file a motion to reduce his sentence pur-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suant to Federal Rule of Criminal Procedure 35(b).  On motion of the government, a court may reduce a sentence to reflect substantial assistance in the investigation or prosecution of another offender.  FED. R. CRIM. P. 35(b).

Where the government has agreed to file a Rule 35(b) motion and then refuses to do so, such refusal is not reviewable unless it is based on an "unconstitutional motive," *Wade v. United States*, 504 U.S. 181, 185-86 (1992); *United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995), which means a motive based on "race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights," *Wayte v. United States*, 470 U.S. 598, 608 (1985) (internal quotation marks and citations omitted); *Wade*, 504 U.S. at 185 (citing *Wayte*, 470 U.S. at 608-09).  The defendant must make "a substantial threshold showing that the government's refusal is based upon unconstitutional motives." *Sneed*, 63 F.3d at 389 n.6 (internal quotation marks and citations omitted).

Woods has failed to make that showing.  *See id.*  He has not asserted that the government was motivated by a discriminatory reason.  *See United States v. Urbani*, 967 F.2d 106, 109 (5th Cir. 1992).  He has also not claimed that the government sought to deprive him of due process by refusing to file a Rule 35(b) motion, to the extent that depriving a defendant of due process could be a constitutionally suspect reason.

The judgment is AFFIRMED.